## Appeal of GREENVILLE TEXTILE SUPPLY COMPANY.      Docket No. 168.

Interest paid or accrued by a corporation within the taxable year on its indebtedness incurred or continued to purchase or carry stock in a domestic corporation is an allowable deduction under section 234 (a) (2) of the Revenue Act of 1918.

Debts charged off but not ascertained to be worthless during the taxable year are not allowable deductions in determining net income.

Submitted November 3, 1924; decided December 11, 1924.

*G. B. Walton, C. P. A.*, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

### Before STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal involves income taxes for the calendar years 1920 and 1921. The questions presented are whether the sum of $3,302.62 interest paid in 1920, and $3,281.63 interest paid in 1921, on money borrowed to purchase and carry stock of the Odell Mill Supply Co., a domestic corporation, are allowable as deductions from income as interest paid during the taxable years, and whether the taxpayer is entitled to deduct the sum of $4,366.37 as bad debts for the year 1920 and the sum of $40 paid as Christmas gifts to employees in the year 1921.

### FINDINGS OF FACT.

The taxpayer is a South Carolina corporation engaged in the business of selling textile supplies. During the calendar year it charged off on its books as bad debts the following accounts: Caldwell & Co., $521.82; Blue Buckle Cotton Mills, $3,163.42; American Railway Express Co., $334.22; South Cotton Mills, $125.72; Southern Railway Co., $221.19.

Caldwell & Co. was a lumber concern located in Spartanburg, S. C. In 1920 it was in financial difficulties. The account was from 60 to 90 days past due. The debtor had not been declared a bankrupt; no legal proceedings had been instituted to collect the account; and early in 1921 the account was paid, except the amount of $10.55, which the taxpayer did not receive.

The Blue Buckle Cotton Mills was a corporation engaged in business at Rock Hill, S. C. On account of the drop in the price of cotton it was in financial difficulties during the latter part of 1920. The taxpayer received a note from the Blue Buckle Cotton Mills the latter part of 1920. During the month of December, 1920, the Blue Buckle Cotton Mills also went into the hands of a receiver. The note was taken to the bank and discounted on December 8, 1920, which was a few days prior to its due date. It was returned unpaid and charged back to the account of the taxpayer. On January 1, 1921, the account was charged off as a bad debt for the year 1920. The Blue Buckle Cotton Mills was reorganized in 1921 and it issued to the taxpayer 34 shares of its second preferred stock in settlement of its account in full. The note was surrendered in exchange for the stock. The account was incurred on account of goods sold in June, July, and September, 1920. The terms were 30 days net or 2 per cent, 10 days. The stock did not pay dividends during the years 1921 and 1922, but it did pay dividends in 1923.

The claims against the American Railway Express Co. and the Southern Railway Co. were on account of damages for lost shipments. The taxpayer filed its claim with the express company before the end of 1920, but it had not at that time acknowledged receipt of the claim and the taxpayer charged off the account as a bad debt. It was paid in the early part of 1921. Neither the American Railway Express Co. nor the Southern Railway Co. are alleged to have been unable to pay the claims in full.

The account against the Couch Cotton Mills was past due. The creditor had promised to pay the account but had not done so. The taxpayer wrote a vigorous letter to the company in the early part of 1921, whereupon said company immediately paid the account in full.

The taxpayer borrowed $60,000 from a bank for the purpose of buying stock in the Odell Mill Supply Co., of Greensboro, N. C. During the year 1920 interest was paid in the sum of $3,302.62, and during the year 1921 interest was paid in the sum of $3,281.63 on account of this loan.

The $40 for Christmas gifts consisted of $10 each to four employees. They were gratuitously presented to the individuals and were not a bonus representing additional compensation.

DECISION.

The deficiency as determined by the Commissioner is disallowed in part. The correct amount of the deficiency should be determined by allowing the taxpayer a deduction of $3,302.62 in 1920, and $3,281.63 in 1921 on account of interest paid to purchase and carry stock in a domestic corporation, and by disallowing the bad debts charged off by the taxpayer for the year 1920, and the amount of the Christmas

gifts to employees. The final decision of the Board will be settled on consent or on seven days' notice.

OPINION.

TRAMMELL: From the facts, it appears that the debts charged off by the taxpayer were in fact not debts ascertained to be worthless during the taxable year.

With reference to the Christmas gifts to employees, the witness for the taxpayer testified that they were considered " out-and-out gifts." They were not extra compensation for services rendered. They were nothing more than gratuities and as such are not deductible.

With reference to the amount of interest paid on indebtedness incurred to purchase and carry the stock of a domestic corporation named in the statement of facts, it is the opinion of the Board that the taxpayer is entitled to the deductions claimed. Section 234(a) (2) of the Revenue Act of 1918 provides that in computing net income there shall be allowed as deductions—

All interest paid or accrued within the taxable year on its indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the Unitd States issued after September 24, 1917), the interest upon which is wholly exempt from taxation under this title as income to the taxpayer, or, in the case of a foreign corporation, the proportion of such interest which the amount of its gross income from sources within the United States bears to the amount of its gross income from all sources within and without the United States.

The Treasury Department interpreted the provision of this section of the statute in Article•121 of Regulations 45, as follows:

Interest paid or accrued within the year on indebtedness may be deducted from gross income, except that interest on indebtedness incurred or continued to purchase or carry securities, such as municipal bonds, the interest upon which is exempt from tax, is not deductible. However, this exception does not apply to obligations of the United States issued after September 24, 1917, which include Liberty bonds of the second and subsequent issues and Victory notes, and interest on indebtedness incurred to purchase such obligations is deductible pursuant to the general rule. See articles 77–80(a). Interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness. Payments made for Maryland or Pennsylvania ground rents are not deductible as interest.

That article refers to municipal bonds as an illustration of the kind of securities which were considered by the Treasury Department as covered by section 214(a) of the Revenue Act of 1918. Stock in a domestic corporation is not a security like a municipal bond. Section 234(a)(2), which relates to interest deductions allowed corporations, is identical in language with section 214(a)(2) relating to individuals, except that provision is made for the deduction by foreign corporations. The article of the regulations interpreting the interest provision as it relates to corporations gives no illustration of the word *securities* and does not purport to define the word. Identical language used in the statute with reference to deductions by corporations as is used with respect to individuals, however, should be given a similar interpretation, unless some clear reason appears which would warrant a different interpretation.

It is interest upon certain obligations or securities which is not allowed as a deduction. The Commissioner contends that the word *securities* is broad enough to include stock in domestic corporations since the dividends upon stock in such corporations are exempt from taxation when received by a corporation. In order to give the provision this interpretation, however, it is not only necessary to construe the word *securities* to mean *stock*, but to construe the word *interest* to mean *dividends*.

*Interest* is defined in Webster's New International Dictionary as follows:

The price or rate of premium per unit of time that is paid by a borrower for the use of what he borrows; Specif: A rate per cent of money paid for the use of money or the forbearance of demanding payment of a debt.

The above definition sets forth the ordinary and generally accepted meaning of the word. A dividend is something entirely different. A dividend is a distribution of the earnings of a corporation among its stockholders. It can not be assumed that Congress used the word *interest* in such a broad sense as to include dividends. It was only the interest on obligations incurred for the purchase of securities which could not be deducted in determining net income, and no reference was made to the interest on obligations incurred for the purchase of stock.

The word *security* is defined in Webster's New International Dictionary as follows:

That which secures or makes safe. Specif: Something given, deposited, or pledged, to make secure, or certain the fulfillment of an obligation, the payment of a debt, etc.

Specif: An evidence of debt or of property, as a bond, stock certificate, or other instrument; a document giving the holder the right to demand and receive property not in his possession.

The interpretation of the expression "indebtedness incurred or continued to purchase or carry obligations or securities, the interest upon which is exempt from taxation" which the Commissioner contends for in this case is not warranted by the language of the statute or the regulations promulgated by the Treasury Department interpreting the statute. Where the language of the statute is plain and unambiguous it must be construed according to the obvious meaning of the words without attempting to change it by adopting a different construction based upon some supposed policy of Congress in regard to the subject of the legislation, or upon consideration of injustice or inconvenience arising from the enforcement of the statute according to its terms. *Bate Refrigerator Company* v. *Sulzberger*, 157 U. S. 1.

For the foregoing reasons, it is the opinion of the Board that the interest which the taxpayer paid during the years 1920 and 1921, upon money borrowed for the purpose of purchasing and carrying stock in the Odell Mill Supply Co., is a properly allowable deduction in determining the net income of the taxpayer for the years in question, but that the deduction claimed by the taxpayer on account of bad debts and Christmas gifts should be disallowed.