PER CURIAM.
Judge Crabtree correctly stated the issue as being one of whether “the facts in this case warrant the conclusion that the subject indebtedness, ultimately and substantively owed to third-party lenders, was owed indirectly to the parent corporation within the intendment of N.J.S.A. 54:10A-4.” 3 N.J.Tax 597, 605 (Tax Ct.1981). He answered that question in the negative and entered judgment in favor of plaintiff. In the course of doing this he distinguished the matter of Fedders Financial Corp. v. Director, 3 N.J.Tax 576 (Tax Ct.1981), this day affirmed by us.
We are satisfied that Judge Crabtree’s findings of fact might reasonably have been reached upon sufficient credible evidence in the whole record whereby we will not disturb them, Mayflower Securities v. Bureau of Securities, 64 N.J. 85, 312 A.2d 497 (1973), and that his conclusions of law comport with that which he described as the legislative intendment. We are also satisfied that the matter is distinguishable from Fedders for the *447 reasons set forth by Judge Crabtree. We affirm substantially for the reasons given in his opinion.