CRABTREE, J.T.C.
This is a gross income tax case wherein plaintiffs challenge defendant’s determination of their tax liability for the year 1976. At issue is the proper construction of the New Jersey Gross Income Tax Act, N.J.S.A. 54:1-1, et seq. (the act), as applied to individuals actively engaged in the securities business conducted in partnership form. The first question is whether business expenses incurred by the partnership, which are related to the production of tax-free interest and nontaxable gains, are allowable as deductions for purposes of computing a partner’s distributive share of partnership income pursuant to N.J.S.A. 54A:5-lk. The second question is whether business expenses incurred by a partnership engaged in the securities business may be deducted against partnership dividends and gains from the disposition of property realized in the course of the partnership’s securities business for purposes of computing a partner’s distributive share of partnership income under the act. The first issue deals with the limitation of deductible expenses to income subject to tax, while the second issue deals with the limitation of deductible expenses to a single category of income.
All the facts have been stipulated.
*191 Plaintiff Layton Smith (hereinafter plaintiff[1]), at all relevant times, was a general partner of Salomon Brothers, one of the largest investment bankers in the United States. In the course of its business the partnership generated various types of income, including underwriting and syndication income, investment advisory fees, trading profits, dealer profits, commissions, interest and dividends. Among its various business activities conducted in 1976, Salomon Brothers engaged in trading securities, which resulted in the realization of gains which the partnership was permitted under federal tax law to report as long-term capital gains. Federal income tax law accords favorable treatment to long-term capital gains. All the trading profits treated as long-term capital gains in 1976 were realized in the ordinary course of the partnership’s business of trading securities.
Salomon Brothers’ securities activities also resulted in the realization of dividend and interest income. Such income was directly attributable to the conduct of the partnership’s securities business.
A portion of the long-term capital gains realized by Salomon Brothers during 1976 from its security trading activities was attributable to sales of certain federal obligations. Those gains were not includible in gross income for purposes of the act pursuant to N.J.S.A. 54A:5-l(c). In addition, a portion of the interest income generated by federal obligations is not includible in gross income for purposes of the act pursuant to N.J.S.A. 54A:6-14.
In the course of the conduct of its business during 1976, Salomon Brothers incurred and, where appropriate, paid various business expenses, including salaries, wages, guaranteed payments to partners, rent, interest, taxes, depreciation and amortization. A portion of these expenses, viz., $73,937,297 was related to the production of income not taxable under the *192 áct, namely, interest and capital gains realized from federal obligations. All other expenses were related to the production of the partnership’s remaining items of income, including dividends and capital gains.
As a general partner of Salomon Brothers during its taxable year 1976, plaintiff was allocated a distributive share of the partnership’s income, loss, expenses and credits in accordance with the governing partnership agreement. The allocation was as follows:
1. Partnership ordinary income (except qualifying dividends) net of partnership deductions $ 24,396
2. Qualifying dividends 8,444
3. Short-term capital gains (not included in Item #1) . 4,106
4. Long-term capital gains (not included in Item #1) 208,963
5. Interest income exempt from Federal income tax under § 103, IRC (not included in Item #1) 13,866
6. Partnership deductions taken into account in computing Item #1 691,798
7. Additional first-year depreciation deductible under § 179, IRC (not included in Item #1) 120
8. Total partnership business deductions (sum of Items #6 and #7) 691,918
9. Total partnership interest taken into account in computing Item #1 385,828
10. Portion of Item #9 attributable to Federal obligations and exempt from New Jersey gross income tax 238,682
11. Portion of Item #4 attributable to Federal obligations and exempt from New Jersey gross income tax 1,876
12. Portion of partnership business deductions (other than taxes based on income and guaranteed payments to partners) related to the production of partnership income not subject to New Jersey gross income tax 220,943
*193 13. Taxes based on income taken into account in computing Item #1, but not deductible in computing contributive share or partnership income under the act $8,562
Plaintiff contends that all partnership expenses, including expenses associated with the production of gross income not subject to tax under the act, must be taken into account in the computation of a partner’s distributive share of partnership income for purposes of the act. Defendant argues that only-partnership expenses associated with the production of gross income taxable under the act may be recognized in ascertaining a partner’s distributive share of partnership income. The following illustration illuminates the differences in the positions of the parties. The numbers used are proportionate to the amounts actually involved in this case.
Plaintiff Defendant
Dividends $ 8 $ 8
Capital gains 211 211
Interest 156 $156
Other ordinary income 336 336
Expenses (684) (463) (29)
Distributive share of taxable partnership income $ 27 $248
In this illustration $221 of expenses was related to the production of income items attributable to Federal obligations which are not subject to tax by reason of N.J.S.A. 54A:5-l(c) and N.J.S.A. 54A:6-14.
The act imposes a tax on the New Jersey gross income of a taxpayer. N.J.S.A. 54A:2-1. “Gross Income” is defined by the act to consist of 14 enumerated categories of income. N.J.S.A. 54A:5-1. Two of these categories are:
b. Net profits from business. The net income from the operation of a business, profession, or other activity, after provisions for all costs and expenses incurred in the conduct thereof determined either on a cash or accrual basis in accordance with the method of accounting allowed for federal income tax purposes but without deduction of taxes based on income.
lc. Distributive share of partnership income. [Emphasis supplied]
*194 The act, insofar as income derived from a business conducted in proprietorship or partnership form is concerned, imposes a tax on net income. Defendant acknowledges, in his regulations, the requirement of symmetry in this regard between sole proprietorship and partnership net income. Those regulations define the statutory phrase, “distributive share of partnership income” as “net income of a partnership ... after provision for all cost[s] and expenses incurred in the conduct thereof.” N.J.A.C. 18:35-1.14(c)(2). The parties thus agree that “distributive share of partnership income” as used in the statute should be construed as though it read “distributive share of partnership net income.”
The cited regulation, adopted January 8, 1981,[2] provides in pertinent part:
2. Net income of a partnership shall be determined and reported on the basis of accepted accounting principles and practices after provision for all cost[s] and expenses incurred in the conduct thereof. No deduction from gross income shall be allowed for:
i. Taxes based on income;
ii. Expenses unrelated to the production of taxable income____
Defendant, relying upon the regulation, has disallowed partnership business expenses incurred by Salomon Brothers in connection with the production of income not taxable under the Act, viz.: interest on Federal obligations and gains realized upon the sale of such obligations. Plaintiff contends that clause 2(ii) of the regulation is patently inconsistent with the act and thus constitutes an invalid exercise of legislative power, citing Feld v. Taxation Div. Director, 3 N.J.Tax 476 (Tax Ct.1981). Defendant argues that his regulation is entitled to a presumption of validity, with the burden on the challenging party to show the regulation to be arbitrary, capricious or unduly burdensome, citing New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 384 A.2d 795 (1978). More to *195 the point, defendant avers that, where a regulation is neither expressly permitted nor prohibited by the authorizing statute, it will be sustained if it achieves the statutory purpose. Defendant cites In Review of Health Care Admin. Bd. v. Finley, 168 N.J.Super. 152, 402 A.2d 246 (App.Div.1979) in support of that proposition.
I.
It is well settled that administrative regulations must be within the fair contemplation of the enabling statute, and that an agency may not, under the guise of interpretation, extend the statute to give it a greater effect than its language permits. Service Armament Co. v. Hyland, 70 N.J. 550, 362 A.2d 13 (1976); New Jersey Guild of Hearing Aid Dispensers v. Long, supra; Mueller Estate v. Taxation Div. Director, 5 N.J.Tax 642 (Tax Ct.1983). More specifically, where a taxing statute is involved, the provisions thereof will not be extended by implication beyond the clear import of the language used; and, in case of doubt, the statute is construed most strongly in the taxpayer’s favor. Gould v. Gould, 245 US. 151, 38 S.Ct. 53, 62 L.Ed. 211 (1917); Fedders Financial Corp. v. Taxation Div. Director, 96 N.J. 376, 476 A.2d 741 (1984); Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 197 A.2d 673 (1964); International Business Mach. Corp. v. State, 141 N.J.Super. 79, 357 A.2d 292 (App.Div.1976). Thus, while construction of a taxing statute by the agency charged with its administration is entitled to weight in a judicial proceeding, an administrative interpretation which is inconsistent with the ordinary and primary meaning of the statutory language will be ignored. Mobay Chemical Co. v. Taxation Div. Director, 3 N.J.Tax 597 (Tax Ct.1981), aff’d o.b. per curiam 6 N.J.Tax 445 (App.Div.1982), aff’d 96 N.J. 407, 476 A.2d 758 (1984).
The substance of clause 2(ii) of N.J.A.C. 18:35-1.14(c) is nowhere found in, nor is it inferable from, the act. In N.J.S.A. 54A:2-2, the act provides that an individual engaged in business in partnership form is taxable only in his capacity as an *196 individual. N.J.S.A. 54A:5-lb provides that in computing “net profits from business” an individual taxpayer is required to take into account “all costs and expenses” other than taxes based on income. As indicated above, symmetry demands that all costs and expenses of a partnership also be taken into account in determining a partner’s distributive share of partnership income. Indeed, as pointed out earlier, defendant’s own regulation implicitly acknowledges that consistency must be maintained between “net profits from business” for purposes of N.J.S.A. 54A:5-l(b) and “distributive share of partnership income” for purposes of N.J.S.A. 54A:5-lk.
In the face of an unambiguous statutory mandate that all costs and expenses be taken into account in determining net profits from a business, a mandate extended by necessary implication to an individual’s distributive share of partnership income, defendant has carved an exception, to wit, those costs and expenses associated with production of income not subject to tax. He cites no statutory authority for the exception; he points to no legislative history; and he cites no New Jersey case in support of his position. Rather, he relies on the tenuous analogue of section 265(1) of the United States Internal Revenue Code, 26 U.S.C.A. § 265(1). That statute expressly disallows, under the circumstances delineated therein, deductions for expenses attributable to the production of tax-free income. Suffice it to say that the New Jersey Legislature included a similar provision in the Emergency Transportation Tax Act, N.J.S.A. 54:8A-1, et seq.,[3] an enactment which our Supreme Court found to be unconstitutional in Salorio v. Glaser, 93 N.J. 447, 461 A.2d 1100 (1983). Had the Legislature intended to include a similar provision in the Gross Income Tax Act it could have easily done so. The inescapable fact remains that no such provision appears in the act.
*197 Defendant attempts to distinguish between the express statutory command embodied in N.J.S.A. 54A:5-lb that all costs and expenses be considered in determining net profits from business and the absence of such explicit direction in the definition of distributive share of partnership income contemplated by N.J.S.A. 54A:5-lk by arguing that he has the absolute discretion to define a statutory term, a discretion which he claims is unlimited by statute.
Defendant’s argument is unsound. If an enabling statute fails to establish adequate standards to govern the discretion of an agency, the delegation of authority to the agency is improper. “It is settled that the Legislature may not vest unbridled or arbitrary power in the administrative agency but must furnish a reasonably adequate standard to guide it.” Ward v. Scott, 11 N.J. 117, 123, 93 A.2d 385 (1952).
Defendant is authorized under N.J.S.A. 54A:9-17 to “administer and enforce” the act. This does not authorize him to redraft the statute by administrative pronouncement. “[A]n administrative interpretation which attempts to add to a statute something which is not there can furnish no sustenance to the enactment.” Service Armament Co. v. Hyland, supra, 70 N.J. at 563, 362 A.2d 13.
Defendant’s attempt to carve out an excepted class of business expenses for which no deduction will be allowed constitutes an invalid exercise of legislative power. Feld v. Taxation, Div. Director, supra.
Defendant argues, however, that the regulation in issue is supported by “common sense” and “basic tax principles.” Quite apart from the fact that the “common sense and tax law are rarely even waving acquaintances,” Skoglund v. United States, 82-1 US.Tax Cas. 119270 (U.S.Ct.Cl.1982), defendant’s invocation of “basic tax principles” merely raises the specter of “double tax benefit,” an aversion to which defendant claims is firmly embedded in tax jurisprudence. The proscription is so deeply entrenched, defendant seems to say, that it applies in the absence of a clear legislative authorization to the contrary. To *198 put it another way, the Legislature must expressly permit double tax benefits or else they will be disallowed. Defendant places heavy reliance upon Victor G. Marquissee, 11 B.T.A. 334 (1928), aff’d sub nom. Lewis v. Comm’r, 47 F.2d 32 (3rd Cir.1931), a case decided prior to the enactment of the Revenue Act of 1934,[4] which, for the first time, disallowed expenses related to the production of nontaxable income. The Board of Tax Appeals and, later on, the Third Circuit Court of Appeals, upheld the Commissioner’s disallowance of deductions claimed by the taxpayer for expenses incurred in connection with his salary income as an official court stenographer. Such income at the time was not subject to Federal income tax. The governing statute was section 214(a)(1) of the Revenue Act of 1918 and 1921, which permitted deductions for “all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.” The Court of Appeals reasoned that, notwithstanding the clear mandate of section 214(a)(1), the deduction for expenses could not be applied against exempt income as that would effectively enlarge the exemption by the amount of the expenses attributable to the exempt income. Thus, said the Lewis court, “there would be the paradox of an exemption of taxable net income.” 47 F.2d at 35.
Defendant’s reliance upon Marquissee-Lewis is misplaced. Far from reflecting “basic tax principles,” the case is a solitary maverick which failed even to cite—much less follow—earlier cases reaching contrary results on the same issue. Moreover, Marquissee-Lewis was rejected in every subsequent decision decided under pre-1934 Federal income tax law which addresses the issue. See, e.g., Appeal of Greenville Textile Supply Company, 1 B.T.A. 152 (1924) (deduction allowed for interest on indebtedness incurred to buy stock, dividends upon which were tax exempt; statute disallowed interest on indebtedness incurred to acquire tax-free interest-bearing obligations); Ap *199 peal of Grace M. Knox, 3 B.T.A. 143 (1925) (deduction allowed for full amount of executor’s expenses even though estate realized both taxable and tax-exempt income); John H. Watson, Jr., 35 B.T.A. 706 (1937) (deduction allowed in full for trustee’s fees where trust realized both taxable and tax-exempt income); Cornelia W. Roebling, 37 B.T.A. 82 (1938) (deduction allowed for full amount of expenses incurred in managing a large investment portfolio even though portfolio generated some tax-free income).
On the Court of Appeals level, the Second Circuit in Pink v. United States, 105 F.2d 183 (2 Cir.1939), a case governed by the Revenue Act of 1926, upheld deductions by an insurance company of expenses related to the production of tax-exempt income. In so doing, the court expressly refused to follow Lewis. The court said:
The question presented is whether the expenses of earning non-taxable income should be excluded from the deductions allowed by section 247. Not to exclude them in effect permits some of the taxpayer’s investment and underwriting income to escape taxation; the government’s argument would be unanswerable if addressed to Congress. Indeed, Congress has heeded it and amended the 1934 Revenue Act accordingly ... But in view of the very specific language of section 247, 44 Stat. 49, of the Revenue Act of 1926, we do not think that a court may limit the deduction of ordinary and necessary business expenses to those incurred in producing taxable income. In several cases the Board of Tax Appeals has refused to read such a limitation into statutory provisions for deductions, and the commissioner has accepted this ruling. Appeal of Knox, 3 B.T.A. 143; Watson v. Commissioner, 35 B.T.A. 706; Roebling v. Commissioner, 37 B.T.A. 82. This court refused to pro rate an expense of producing both capital and income in Commissioner v. Speyer, 2 Cir. 77 F.2d 824, certiorari denied Helvering v. Speyer, 296 U.S. 631, 55 S.Ct. 155, 80 L.Ed. 449, where the argument for it was perhaps as strong in the case at bar, although the facts were very different. The cases relied upon to support a contrary conclusion are distinguishable. Rockford Life Ins. Co. v. Commissioner, 292 U.S. 382, 54 S.Ct. 761, 78 L.Ed. 1315, concerned deductions under section 203 of the Revenue Act of 1928 ... whose wording indicated that Congress intended to limit deductions to those related to the taxable income. No such intention can be deduced from the language of section 247, which we are considering. Lewis v. Commissioner, 3 Cir., 47 F.2d 32, held that a taxpayer was not entitled to deduct expenses incurred in earning income having constitutional immunity from taxation; unless limited to cases of that character it is out of line with the other decisions of the Board, above cited, and with out own case of Commissioner v. Speyer, supra. In our opinion the district court correctly construed section 247 to entitle the taxpayer to deduct the fees and charges in question *200 without regard to whether they were incurred in producing taxable or non-taxable income. [105 F.2d at 185-186]
The significance of Greenville Textile Supply, Knox, Watson, Roebling and Pink, and that which they have in common, is that the court in each case applied the relevant statute as it was written and without implying a legislative purpose not expressed in the statutory language. This is precisely the judicial approach mandated by our Supreme Court in In re Jamesburg High School Closing, 83 N.J. 540, 416 A.2d 896 (1980), where it was stated:
Our duty is to construe and apply the statute as enacted. We are not at liberty to presume the legislature intended something other than what it expressed by its plain language. This Court will not engage in conjecture or surmise which will circumvent the plain meaning of the act.
... Appellant’s recourse lies with the legislature, not this Court. [Id. at 548, 416 A.2d 896]
The United States Supreme Court has made similar statements in construing the Internal Revenue Code. See, e.g., McClain v. Comm’r, 311 US. 527, 530, 61 S.Ct. 373, 375, 85 L.Ed. 319 (1941) (“[W]e must apply the statute as we find it, leaving to Congress the correction of asserted inconsistencies and inequalities in its operation.”).
It is significant that, even under post-1934 federal income tax legislation, the bar against deducting expenses related to tax-exempt income is far from complete and has been extended no further than required by the express language of the code. Thus, otherwise deductible expenses related to gains realized in the course of a tax-free corporate liquidation under code section 337 are not rendered non-deductible by code section 265(1). Hawaiian Trust Company, Ltd. v. United States, 291 F.2d 761 (9 Cir.1961); Comm’r v. McDonald,[5] 320 F.2d 109 (5 Cir.1963). *201 Also, the Internal Revenue Service has ruled that a deduction will be allowed for foreign taxes paid with respect to interest on tax exempt securities of United States political subdivisions. Rev.Rul. 70-429, 1970-2 C.B. 49. The Internal Revenue Service has also ruled that code section 265(2), disallowing deductions for interest on indebtedness incurred or continued to buy or carry tax-free securities, is inapplicable to interest paid by banks on indebtedness represented by deposits in banks engaged in the general banking business, notwithstanding the investment of such deposits by the bank in tax-exempt obligations. Rev.Rul. 61-222, 1961-2 C.B. 58. Under each of the foregoing circumstances, the so-called “double tax benefit” decried by defendant would occur. But in each case the benefit is fully allowable. The bar against deductions for expenses associated with tax-exempt income is no greater than that expressly , required under Code Section 265, the scope of which cannot be extended by any implied Congressional intent to prevent “double tax benefits.”
Defendant also relies upon United States v. Skelly Oil Co., 394 US. 678, 89 S.Ct. 1379, 22 L.Ed.2d 642 (1969) for support in its argument against “double tax benefits.” That case in no way compels the result sought by defendant. In Shelly the taxpayer, a natural gas producer, included in income payments from its customers which were later found unlawful and was required to refund such payments in a subsequent year. It did so and claimed a deduction for the refunds in the year they were made pursuant to section 1341 of the code. That section provides for a deduction in the year of repayment of amounts *202 included in income for an earlier year. The Commissioner disallowed the deduction to the extent of the depletion allowance deducted in the earlier year on the ground that allowance of a deduction in the full amount of the repayment would confer an unwarranted double tax benefit upon the taxpayer. The Supreme Court upheld the disallowance. It is clear from the opinion, however, that the Court was reluctant to interpret section 1341, a provision “enacted to alleviate some of the inequities” of the code, id. at 681, 89 S.Ct. at 1381, in a manner which allowed the taxpayer the practical equivalent of a double deduction “absent a clear declaration of intent by Congress.” Id. at 684, 89 S.Ct. at 1383. Put differently, the Court was unwilling to extend the application of a remedial statute to encompass a benefit which Congress may not have intended. This is a far cry from the plenary proscription of double tax benefits which defendant reads into the case.
In view of the foregoing the court concludes that defendant’s determination predicated on the disallowance of deductions for business expenses to the extent allocable to tax-exempt income is irreconcilable with the statute and it will be set aside.
II.
With respect to the second issue, plaintiff argues that expenses incurred by a securities partnership in the conduct of its business may be deductible against all forms of partnership income, including dividends and capital gains, in determining a partner’s distributive share of partnership income for purposes of N.J.S.A. 54A:5-lk. More specifically, plaintiff contends that business expenses in excess of partnership income other than dividends and gains may be applied against those two categories of income. Defendant, on the other hand, contends that the source of dividend and gain income is immaterial, that the statute mandates separate categories of gross income and that the statute forbids application of a net loss in one category of income against income in another category. N.J.S.A. 54A:5-2.
*203 As with the first issue the practical effect of the respective positions of the parties may be schematically illustrated. The numbers used are proportionate to the amounts actually involved in this case.
Plaintiff Defendant
Dividends $ 8 $ 8
Capital gains 211 211
Interest 156 $156
Other ordinary income Expenses 336 336 (684) (684)[6]
(192) ^
Partnership ineome subject to tax $ 27 $219
Defendant’s position rests upon what he views as the clear language of N.J.S.A. 54A:5-2 and his own interpretative regulation, N.J.A.C. 18:35-1.14(c)(4). The statute provides that: “[a] net loss in one category of gross income may not be applied against gross income in another category of gross income.” N.J.S.A. 54A:5-1 lists the categories of gross income subject to tax. Among those categories is “distributive share of partnership income,” N.J.S.A. 54A:5-lk, dividends, N.J.S.A. 54A:5-lf and gains from the disposition of property, N.J.S.A. 54A:5-lc. Subsection (c)(4) of the cited regulation provides:
A partner shall report his share of partnership income for the taxable year within which or with which the taxable year of the partnership ends, whether or not distributed, as:
i. A distributive share of partnership income;
ii. Dividend income; and
iii. Gain from the sale, exchange or other disposition of property.
Defendant points to the three examples incorporated in N.J. A.C. 18:35-1.14(c)(4) in support of his position in this case. Example one involves no losses or expenses of any kind; Example two involves a capital loss on the sale of individually owned *204 stock and a distributive share of partnership capital gain in an amount less than such loss; and Example three pertains to a partnership ordinary loss, a partnership capital loss and a capital gain on the sale of individually owned stock. None of these examples addresses the issue at hand, namely, whether the category of distributive share of partnership income may incorporate the categories of dividends and gains realized by a partnership engaged in business as a securities dealer and trader where dividends and gains on the sale of securities are an integral part of such business.
The parties have stipulated—and the court has found—that Salomon Brothers realized capital gain and dividend income in the ordinary course of its securities business and that a portion of the partnership’s operating expenses was related to the production of dividends and capital gains.
The act imposes a tax on gross income which is defined in N.J.S.A. 54A:5-1 to consist of 14 enumerated categories of income. Certain categories are taxed on a truly gross basis, i.e., without regard to associated costs and expenses. Examples of these categories are salaries (N.J.S.A. 54A:5-la), interest (N.J.S.A. 54A:5-le), dividends (N.J.S.A. 54A:5-lf) and gambling winnings (N.J.S.A. 54A:5-lg). Other categories are taxed on a net basis, i.e., by taking into account associated costs and expenses. Examples of income in these categories include net profits from business (N.J.S.A. 54A:5-lb), net gains from the disposition of property (N.J.S.A. 54A:5-lc), net gains or net income from rents, royalties, patents and copyrights (N.J.S.A. 54A:5-ld), net gains or income derived through estates or trusts (N.J.S.A. 54A:5-lh) and distributive share of partnership income (N.J.S.A. 5A:5-lk). In the event that a net loss occurs in any category in which income is taxable on a net basis N.J.S.A. 54A:5-2 provides that a “a net loss in one category ... may not be applied against gross income in another category.”
Defendant’s regulation at issue here has the effect of treating partnership dividends and partnership gains from the sale of property as two “categories” of gross income separate and *205 distinct from the “category” of “distributive share of partnership income.” Such treatment has the result of subjecting partnership dividends and net gains to tax on a gross income basis, without regard to expenses related to the production of the dividends and net gains. Thus far, the regulation is arguably sustainable to the extent that it applies to dividends and capital-gain income unrelated to the primary business of the partnership, e.g., an income-producing office building owned in partnership form with surplus funds invested in a securities portfolio. Where the production of dividend, capital gains or other passive investment income is merely incidental to the primary business of the partnership the statute effectively precludes the use of the partnership entity, through ownership of passive investments, as a vehicle to shelter the investment income of the partners with “losses” sustained in the course of the partnership’s primary business, especially when the “losses” are attributable to a noncash item such as building depreciation. If the partners owned the passive investments in their individual capacities, the shelter would not be available.
The regulation fails, however, when extended to a partnership which generates dividend and capital-gain income in the ordinary course of its business as a securities dealer. In such a case the regulation is inconsistent with the statute.
Clearly, partnership dividends and net gains from the sale of property may constitute income realized in the ordinary course of business. Indeed, that is the case here. While N.J.S.A. 54A:5-lb expressly states that profits from business are to be taxed on a net basis, taking into account all costs and expenses, N.J.A.C. 18:35-1.14(c)(4) taxes plaintiff’s distributive share of his partnership’s dividends and capital gains, which were realized in the ordinary course of business, on a gross basis as if they were not business income. Put differently, so much of the partnership’s operating expenses as exceeded its nondividend and noncapital-gain income would be disallowed in violation of the statute, which, by necessary implication, calls for the allowance of all costs and expenses in determining *206 partnership income. (As pointed out earlier, symmetry requires that partnership income be treated on a net basis just as profits from business are treated on a net basis.)
Indeed, as stated above, subsection (c)(2) of the regulation directs that a partner’s distributive share of partnership income be determined with reference to the partnership’s net income “after provision for all cost[s] and expenses incurred in the conduct thereof.” This appears to be inconsistent with defendant’s reading of subsection (c)(4) which, on its face, treats dividend and gain income as separate categories, taxable to the partner on a gross basis without regard to costs and expenses incurred in connection with their production. This result is inconsistent with the statute where dividend and gain income are integral parts of the partnership business.
Conversely, subsection (c)(4) implicitly permits partners to report 12 of the 14 categories of gross income on a consolidated basis as a distributive share of partnership income. (The other two categories specified in the subsection are dividends and gains on the sale of property.) Under the regulation a partner in a partnership engaged in the operation of a business with surplus funds invested in money market accounts and net lease' real estate ventures unrelated to the partnership’s primary business would be entitled to include interest and rental income in the calculation of his distributive share of partnership income and to deduct therefrom all costs and expenses associated with the partnership’s primary business. The interest and rental income would thus be sheltered to the extent that those expenses exceeded the partnership’s operating income. This result was certainly not intended by the Legislature either.
Defendant argues that, in segregating dividends and capital gains (or losses) from distributive share of partnership income the regulation simply tracks the Federal income tax treatment of these items on the partner’s IRS form K-l (a schedule incorporated in IRS form 1065, the partnership return of income). A form K-l is issued annually to each partner and shows his distributive share of 16 separate categories of part *207 nership income, deductions, losses and tax preference items. Defendant misapprehends the reasons for the discrete treatment of these categories and items under the Internal Revenue Code. To begin with, code section 702(a) requires a partner to take into account separately his distributive share of capital gains, dividends and other expressly denominated items of partnership income, gain and deductions, while code section 702(b) declares that the character of any item of income required to be stated separately under section 702(a) shall be determined as if such item were realized directly from the source from which the partnership realized it. Under the complex matrix of the code, various items of income and gain are taxed in different ways. Deductions of various expenses are allowed in different ways. For example, under the present code, dividends are entitled to a $100 exclusion (section 116); net long-term capital gains are only 40% taxable (section 1202); section 1231 gains must be separately netted against section 1231 losses in order to determine their character as capital gains or ordinary income (section 1231). In like manner there are special limitations on charitable contribution deductions (section 170); interest deductions (section 163(d)); and credits for foreign taxes (section 901). Also, the alternative minimum tax on tax preference items is calculated with respect to the individual taxpayer (section 57). Tax preference items include the so-called untaxed portion of capital gains. Thus, it will be seen that code section 702 manifests a Congressional intent to preserve the character of partnership tax items in such fashion that the partner is taxed in the same manner as though the partnership did not exist.
In view of the foregoing I conclude that N.J.A.C. 18:35-1.-14(c)(4), as applied to a partnership in which dividend and capital-gain income are generated in the ordinary course of business, is plainly inconsistent with the statute and must be disregarded.
The parties will submit computations under R. 8:9-3, following which judgment will be entered.

 Plaintiff Joan H. Smith is a party to this action solely by reason of filing a joint return with her spouse, Layton F. Smith.

 PIaintiff does not challenge the retroactive effect of the regulation. Indeed, the retroactive application of a regulation is not objectionable unless it is a reversal of an older one, Sorensen v. Taxation Div. Director, 2 N.J.Tax 470, 446 A.2d 213 (Tax Ct.1981), which is not the case here.

 NJ.S.A. 54:8A-40 disallowed a deduction for "[a]ny amount otherwise allowable as a deduction which is allocable to income not required to be included in gross income for the purposes of this Act____"

 Section 24(a)(5) of the 1934 Revenue Act was the precursor of Section 265(1) of the Internal Revenue Code.

 Both Hawaiian Trust and McDonald involved deductions for state income taxes attributable to the gain. Those taxes were expressly deductible under section 164 of the code and are to be distinguished from expenses of sale which are treated as nondeductible capital expenditures. In Lanrao v. United States, 422 F.2d 481 (6 Cir.1970), cert. den., 398 U.S. 928, 90 S.Ct. 1816, 26 L.Ed.2d 89 (1970), the court upheld the Commissioner’s disallowance of a deduction for the expenses of sale of property sold in the course of a section 337 liquidation *201 on the ground that such expenses figured in the computation of the gain realized from the sale. The court’s conclusion appears to be predicated not upon a judicial aversion to the double tax benefit but upon the premise that the selling expenses were capital in nature and were never deductible at all, irrespective of the context of the sale, i.e., that it took place in the course of a section 337 liquidation. The distinction is critical. In the case at hand all the expenses in question are deductible under code section 162 as ordinary and necessary expenses paid or incurred in connection with the operation of the partnership’s business.

 If defendant were to prevail on the first issue the deductible expenses would be $463, an amount less than the total of partnership income exclusive of dividends and gains $492 [S156 plus $336]). Thus, the second issue would become moot.