PER CURIAM.
Plaintiffs are members of partnerships which trade in securities and which in the ordinary course of business produce among other kinds of income, dividends, net gains from the disposition of property and non-taxable income related to federal obligations.
Plaintiffs are taxed on their distributive share of partnership income. The statutory term “distributive share of partnership income” as set forth in N.J.S.A. 54A:5-lk is not defined in the New Jersey Gross Income Tax Statute and therefore the Director of the Division of Taxation adopted regulations to provide details for calculation and taxation of such income. N.J.A.C. 18:35-1.14(c).
These cases present two aspects of one basic issue. The first is the validity of the regulation prohibiting the deduction of business expenses related to the production of income not subject to taxation from partnership income for the purpose of calculating each partner’s distributive share. N.J.A.C. 18:35-1.-14(c)(2). The second concerns the appropriateness of requiring that partnership income be separated into categories of dividends and net gains from the disposition of property rather than being placed under the catch-all of partnership income. See N.J.S.A. 54A:5-2. The effect of such a requirement is that ordinary business expenses may not be netted against dividends and net gains thus preventing the partners from offsetting such income with unrelated expenses of the partnership business.
*321 The Tax Court determined that the Director’s position in each case was invalid. The Director appeals.
We affirm substantially for the reasons given by Judge Crabtree in his written opinion in the Smith case dated December 11, 1984, 7 N.J.Tax 187 (Tax Ct.1984), and in his written opinion in the Geissler case dated March 8, 1985.
The judgments in each case are affirmed.