CRABTREE, J.T.C.
This is a gross income tax case wherein plaintiffs seek review of defendant’s denial of their claims for refund of gross income tax allegedly overpaid for taxable years 1984 and 1985. Both parties have filed motions for summary judgment, and there being no material facts in dispute, the case is ripe for adjudication.
On December 27,1990, plaintiffs filed two claims for refund with defendant to recover overpayments of gross income tax for 1984 and 1985 resulting from a change or correction in federal taxable income reported on their joint federal income tax returns for those years. Defendant acknowledged that overpayments had been made in the amounts of $8,046.78 for 1984 and $3,364.91 for 1985; however, defendant denied the refund claims as untimely.
On May 8, 1989, plaintiffs entered into a closing agreement (Internal Revenue Service form 906) with the Internal Revenue Service whereby their federal taxable income was increased for 1983 and decreased for 1984 and 1985. Plaintiffs filed amended 1984 and 1985 New Jersey gross income tax returns with defendant on December 27, 1990 reducing their New Jersey taxable income by amounts corresponding to the reductions reflected in the IRS closing agreement. The amended returns incorporated claims for refunds. Attached to the New Jersey returns were copies of the IRS audit which led to the 1984 and 1985 federal income tax reductions as embodied in the closing agreement.
Plaintiffs did not report the change in federal taxable income within 90 days of the final determination of the change as required *143 by N.J.S.A. 54A:8-7.[1]
The relevant statutes are N.J.S.A. 54A-.8-7 and N.J.S.A. 54A:9-8. N.J.S.A 54A:8-7 provides, in pertinent part:
If the amount of a taxpayer’s Federal taxable income reported on his Federal income tax return for any taxable year is changed or corrected by the United States Internal Revenue Service or other competent authority, ... the taxpayer shall report such change or correction in Federal taxable income within 90 days after the final determination of such change.
N.J.S.A. 54A:9-8 provides in pertinent part:
(c) Notice of change or correction of Federal income. If a taxpayer is required by section 54A:8-7 to report a change or correction in Federal taxable income reported on his Federal income tax return, ... claim for credit or refund of any resulting overpayment of tax shall be filed by the taxpayer within two years from the time the notice of such change or correction ... was required to be filed with the director.
[Emphasis added.]
The sole basis[2] for defendant’s denial of plaintiffs’ refund claims is that they were untimely. Defendant contends that compliance with N.J.S.A 54A:8-7 is an indispensable prerequisite to application of N.J.S.A 54A:9-8(c) and that plaintiffs’ failure to notify defendant of the change in federal taxable income within 90 days of the final determination thereof rendered the latter statute inapplicable. Thus, defendant argues, the refund claims are untimely because they were not filed within three years of the deadline for filing plaintiffs’ 1984 and 1985 returns as required by N.J.S.A 54A:9-8(a).
Plaintiffs argue that N.J.S.A 54A:9-8(c) is controlling and that N.J.S.A. 54A:8-7, although requiring that defendant be notified of a change in federal taxable income within 90 days of the final determination thereof, imposes no sanction for noncompliance.
The sole issue, therefore, is whether plaintiffs are entitled to the benefits of N.J.S.A. 54A:9-8(c) when they had failed to comply *144 with N.J.S.A, 54A:8-7. (Defendant concedes that the refund claims are timely if N.J.S.A 54A:9-8(c) applies.)
In construing a statute, the court must consider its plain language. Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 527 A.2d 1368 (1987). Where the wording of a statute is clear and explicit, the court is not permitted to engage in any interpretation “other than that called for by the express words set forth.” Duke Power Co. v. Patten, 20 N.J. 42, 49, 118 A.2d 529 (1955). “In determining the proper interpretation of a statute, the basic rule is that the statutory language should be given its ordinary meaning absent specific intent to the contrary.” Mortimer v. Board of Review, 99 N.J. 393, 398, 493 A.2d 1 (1985). “ ‘[T]he meaning of a statute must ... be sought in the language in which the act is framed, and if that is plain, ... the sole function of the courts is to enforce it according to its terms.’ ” Sheeran v. Nationwide Mutual Ins. Co., Inc., 80 N.J. 548, 556, 404 A.2d 625 (1979) (quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442, 452 (1917)).
The plain language of N.J.S.A 54A:8-7 discloses a requirement to notify defendant of any change or correction in federal taxable income within 90 days of the final determination of such change or correction. The statute is silent on the consequences of noncompliance with a notification requirement. N.J.S.A 54A:9-8(c) gives a taxpayer two years from the time the notice of a change or correction in federal taxable income was required to be filed with the director to claim a refund of any gross income tax overpayment resulting from a change or correction in federal taxable income. That section is also silent on the consequences of a taxpayer’s failure to comply with the notification requirement of N.J.S.A. 54A:8-7.
Defendant argues, however, that the court should not assume that the Legislature used meaningless language, that no part of a statute should be rendered superfluous, citing, inter alia, Medical Society v. New Jersey Dep’t of Law and Public Safety, 120 N.J. 18, 26-27, 575 A.2d 1348 (1990), Mariner’s Landing, Inc. v. Taxation Div. Director, 11 N.J.Tax 215, 228 (Tax 1989), and *145 Kearny Town v. Taxation Div. Director, 11 N.J.Tax 232, 237 (Tax 1990). Thus, defendant urges, this court must read into N.J.S.A. 54A:8-7, and for that matter, N.J.SA. 54A:9-8(e) as well, provisions barring refund claims if the notification requirement of N.J.SA 54A:8-7 is not timely met.
Implicit in defendant’s argument is the premise that the Legislature inadvertently omitted the provision that refund claims are barred in the absence of timely compliance with N.J.SA. 54A:8-7. Defendant’s premise is critically flawed by the provisions of N.J.S.A 54A:9-4(c)(l)(C), which declares that a tax may be assessed at any time if the taxpayer fails to comply with N.J.S.A. 54A:8-7 in not reporting a change or correction increasing federal taxable income. N.J.S.A 54A:9-4(c)(3) provides that, if the taxpayer complies with the reporting requirement of N.J.SA 54A:8-7, and the federal change increases taxable income, an assessment may be made within two years after the report was filed.
Thus, the Legislature chose to spell out the consequences of a taxpayer’s failure to report an increase in federal taxable income, and the consequences of a taxpayer’s compliance with N.J.SA 54A:8~7 in reporting such increase. The Legislature’s failure to spell out the consequences of noncompliance with N.J.S.A 54A:8-7 when the federal change was a decrease in income can only be viewed as deliberate.
The statutes involved in this case are no different conceptually from the taxing statutes involved in Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 197 A.2d 673 (1964), where our Supreme Court declared:
In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out.
[ 41 N.J. at 528-529, 197 A.2d 673, quoting Gould v. Gould, 245 U.S. 151, 153, 38 S.Ct. 53, 62 L.Ed. 211, 213 (1917) (Emphasis added)]
See also Mobay Chemical Co. v. Taxation Div. Director, 3 N.J.Tax 597 (Tax 1981), aff'd o.b. per curiam, 6 N.J.Tax 445 (App.Div.1982), aff'd, 96 N.J. 407, 476 A.2d 758 (1984).
This court will not read into N.J.SA 54A:8-7 and N.J.SA 54A:9-8(e) provisions which are not there. Had the Legislature *146 chosen to attach consequences to a taxpayer’s failure to report federal changes decreasing taxable income, it could have done so, just as it did with respect to a failure to report federal changes increasing income.
In view of the foregoing, the court concludes that plaintiffs’ refund claims were filed within two years of the time the notice of federal changes in taxable income was required to be filed with the Director, under the purview of N.J.S.A 54A:9-8(e).
Plaintiffs’ motion for summary judgment is granted. Defendant’s motion for summary judgment is denied.
Judgment will be entered allowing plaintiffs’ claims for refund of overpayments in gross income tax for 1984 and 1985.

 Defendant made no adjustment for 1983. Only the reductions in federal taxable income for 1984 and 1985 are in issue.

 Defendant concedes that plaintiffs correctly calculated the overpayment of gross income tax for 1984 and 1985 resulting from the federal change in taxable income.