ALFRED ZULLO AND SABADINE ZULLO, PARTNERS, TRADING AS RAHWAY REALTY COMPANY, PLAINTIFFS-RESPONDENTS, v. BOARD OF HEALTH OF THE TOWNSHIP OF WOODBRIDGE, DEFENDANT-APPELLANT.

Argued April 7, 1952—Decided May 12, 1952.

432

*Mr. Nathan Duff* argued the cause for the appellants.

*Mr. Maurice C. Brigadier* argued the cause for the respondents (*Mr. Joseph M. Feinberg,* attorney).

The opinion of the court was delivered by

VANDERBILT, C. J. Pursuant to an ordinance passed by the defendant board of health, the plaintiffs made application for a license for a trailer camp, but their application was denied. They thereupon instituted this proceeding in lieu of a prerogative writ, seeking (1) an order compelling the defendant to issue the license; (2) a review of the resolution of the board denying their application, and a determination

that the resolution was illegal and void; and (3) a determination that the ordinance under which the board purported to act was likewise illegal and void. At the trial before the introduction of any evidence, it appearing that the facts were not in dispute, the court suggested the desirability of having a ruling at the outset on the validity of the ordinance of the defendant board of health which purported to license and regulate trailer camps, prior to determining whether or not the defendant board had acted properly in denying the plaintiffs a license. In accordance with the court's suggestion the plaintiffs made a motion for judgment on the grounds that the ordinance should have been enacted by the governing body of the municipality rather than by the defendant board of health and that the ordinance improperly gave the board untrammeled discretion in respect to licenses for a trailer camp. The motion was granted and judgment was accordingly entered in favor of the plaintiffs, setting aside the resolution of the board denying the plaintiffs' application and invalidating the ordinance passed by the defendant board. From this judgment the defendant appealed to the Appellate Division of the Superior Court and we have certified the appeal on our own motion.

 Local boards of health are governmental agencies created in every municipality under statutory mandate, *R. S.* 26:3-1, for the purpose of exercising locally the inherent police powers of the State with respect to matters pertaining to public health. Their powers in this respect are broad and the general grant thereof is to be found in *R. S.* 26:3-64 and *chapter* 177, *Laws of* 1947 (*N. J. S. A.* 26:1A-9). The enumeration of the specific powers and duties of local boards of health to be found in *R. S.* 26:3-31, as amended by *chapter* 211, *Laws of* 1946 (*N. J. S. A.* 26:3-31), has been held not to be a limitation upon the general powers of such boards, and there is no more reason to consider that the numerous other express grants of particular powers to be found in a number of statutory provisions impose limitations on their general powers. In *Bd. of Health of Weehawken Tp. v.*

*N. Y. Central R. Co.,* 4 *N. J.* 293, 298–300 (1950), this court stated:

"The function of these agencies [local boards of health] is to advance and secure the public health by means and measures reasonably appropriate to that end. The preservation of the public health is a vital element of the police power inherent in sovereignty.

The power thus exercised [to regulate and control air pollution by barring excessive emission of dense smoke] is within the grant contained in *R. S.* 26 :3–64 and *ch.* 177 of the *Session Laws of* 1947, to be found also in *N. J. S. A.* 26 :1A–9. The inherent general authority to conserve and protect the public health thereby conferred and recognized is not curtailed by the specific enumeration of *R. S.* 26 :3–31 \* \* \*. The cited act of 1947 is affirmative legislative acquiescence in the judicial finding of the general power in the pre-existing statutes.

\* \* \* \* \* \* \*

The local boards of health in the exertion of the authority thus conferred exercise, not an administrative function, but rather a portion of the police power to serve the public health. They are 'governmental agencies by which the police law of the state is locally exerted' \* \* \*."

Trailer camps, because of their particular nature and relation to the public health, safety, morals and general welfare, have frequently been the subject of special regulation by appropriate local governing bodies, see *Edwards v. Mayor, etc., of Borough of Moonachie,* 3 *N. J.* 17 (1949); *Michaels v. Tp. Committee of the Tp. of Pemberton,* 3 *N. J. Super.* 523 (1949); *Annotation,* 22 *A. L. R. 2d* 774–802 (1952). We have no hesitancy in stating that they are the fit subject and a proper class to be subject to special regulation by local boards of health in matters pertaining to or affecting health. In this regard we are not unaware of *R. S.* 40 :52–1, as amended by *chapter* 425, *Laws of* 1948 (*N. J. S. A.* 40 :52–1), to the effect that:

"The governing body [of a municipality] may make, amend, repeal and enforce ordinances to license and regulate:

\* \* \* \* \* \* \*

d. Hotels, boarding houses, lodging and rooming houses, trailer camps and camp sites, and all other places and buildings used for sleeping and lodging purposes, restaurants and all other eating places, and the keepers thereof; \* \* \*."

This statutory grant of power to local governing bodies as distinct from local boards of health cannot be construed, however, as placing any limitation upon the legitimate powers of the latter to regulate matters pertaining to health at the places named. Rather it is the grant to the governing bodies of powers which to an extent may overlap and be concurrent with those of the local boards of health, but which to a larger extent are exclusive because not limited to matters of health and because, as will be pointed out subsequently, regulation by licensing is expressly permitted.

■■ Being of the opinion, therefore, that local boards of health have the power within their particular sphere of activity to regulate trailer camps, we must next examine the question of whether or not the particular ordinance in question is a proper exercise of that power. For this purpose it will be necessary to examine the rather lengthy ordinance in some detail. Section 1, in part, and Sections 2, 3, 23 and 24 in their entirety relate to the licensing of trailer camps and the revocation, suspension and transfer of such licenses, and we are of the opinion that they are *ultra vires* the defendant board of health. The power to license and to levy fees therefor is not inherent in local agencies exercising by delegation a portion of the State's police power and in the absence of statutory grant does not exist in a municipal corporation or its local board of health, *Edwards v. Mayor, etc., of Borough of Moonachie, supra,* 3 *N. J.* 17, 21 (1949). Such a statutory grant of power does not here exist. *R. S.* 26:3–31, as amended (*N. J. S. A.* 26:3–31), and *chapter 275, Laws of 1948* (*N. J. S. A.* 26:3–31.1) provide for the issuance of licenses by local boards of health in certain specified instances which cannot be extended by implication to permit the licensing of trailer camps. *R. S.* 26:3–32 provides that local boards of health in cities having a population in excess of 100,000 "may grant and regulate licenses and permits incident to health matters and charge a reasonable fee for any such license or permit." But the defendant Township of Woodbridge is concededly not a city of over 100,000 popula-

tion and so this statute does not constitute a grant of the licensing power to .its board of health, but on the contrary indicates a legislative intent to deny the licensing power of boards of health in all but the largest municipalities. And *R. S.* 40:52–1, as amended, (*N. J. S. A.* 40:52–1), previously adverted to, indicates a similar legislative intent to grant the power to license trailer camps to the governing body of a municipality rather than to the board of health. The apparent statutory scheme in cities of 100,000 population or less is for the local governing body to have exclusive control over the setting up and existence of trailer camps, but that it share jurisdiction with the local board of health in regulating their operation and maintenance.

■ Section 2 of the subject ordinance which, among other things, provides for a $100 license fee to be "paid into the Township Treasury as revenue" is invalid for the further reason that the power to tax is wholly statutory and no such power is vested in local boards of health. We are not called upon here to determine whether or not the fee would be excessive if the defendant board of health had had the power to license and had not specifically provided that the fee was for revenue. *Cf. Edwards v. Mayor, etc., of Borough of Moonachie, supra,* 3 *N. J.* 17 (1949); *Michaels v. Tp. Committee of the Tp. of Pemberton,* 3 *N. J. Super.* 523 (*Law Div.* 1949); *Annotation, supra.,* 22 *A. L. R.* 2d 774, 786 (1952).

■ The validity of Section 3 of the ordinance is also put in question on the ground that it gives the local board of health unlimited discretion to approve or reject licenses. This section provides in part:

"No permits shall be issued unless such tourist, trailer, or car camp and the site selected therefor, complies with such requirements and meets the approval of the Board of Health and said Board of Health may at its discretion approve or reject any proposed tourist, trailer, or car camp."

It is contended that there is an absence of standards for the guidance of the board and that it has the unlimited power to

act arbitrarily and unreasonably. When lifted from context the quoted portion of Section 3 looks offensive indeed, but its meaning is tempered by and must be read in the light of the words which surround it. The ordinance purports to set up certain requirements that must be met before a license will be granted, and upon the filing of an application for a license provision is made for the inspection of a trailer camp for the purpose of determining whether it conforms ·with the requirements of the ordinance. and other pertinent laws, rules and regulations. It is not to be presumed, therefore, that the local board of health in exercising its discretion in particular cases was intended to be free from the standards thus imposed. The language of Mr. Justice Sutherland, speaking for his court in *Gorieb v. Fox*, 274 *U. S.* 603, 607, 47 *S. Ct.* 675, 71 *L. Ed.* 1228, 1230 (1927), is especially appropriate here:

"We cannot, of course, construe the ordinance as meaning that the power may be thus exerted; nor may we assume in advance that it will be exercised by the council capriciously, arbitrarily or with inequality. It will be time enough to complain when, if ever, the power shall be thus abused."

Accordingly, aside from the question of the defendant board's power to license trailer camps, we are not prepared to say that the ordinance in question is invalid for the lack of adequate standards to guide the board and against which to measure its actions.

 The argument is advanced by the plaintiffs that Section 19 of the ordinance is violative of the due process and equal protection clauses of the 14th Amendment to the Federal Constitution and also of the New Jersey Constitution. Section 19 permits the board of health to exempt from the provisions of the ordinance any trailer camp existing at the time of its passage when in the board's discretion the deviation will not be detrimental to health. It is to be noted also that similar language is contained in Section 13 of the ordinance which pertains to water closet accommodations. It is so well established as not to require extended citations

in support, that a legislative body in the exercise of its powers may make such classifications for that purpose as it deems necessary and that uniformity within a class is all that the constitutional provisions here involved require. As long as the legislative classification is based upon reasonable grounds so as not to be arbitrary or capricious it will not be judicially upset. *Bd. of Health of Weehawken Tp. v. N. Y. Central R. Co., supra,* 4 *N. J.* 293, 302 (1950); *Washington National Insurance Co. v. Board of Review,* 1 *N. J.* 545 (1948). Examining the ordinance under review in the light of this established rule we can readily perceive that the classification of trailer camps as distinct from other dwelling places is founded upon reason, but we are unable to find any reasonable basis for distinguishing in an ordinance pertaining to matters of health between trailer camps existing at the time of the passage of the ordinance and those coming into being thereafter. The particular time when the ordinance was enacted is doubtless largely a matter of coincidence and bears no relation whatsoever to the health measures necessary or desirable for trailer camps. If the provisions of the ordinance are appropriate for safeguarding the health of the community and those residing in trailer camps, they are equally appropriate for trailer camps that antedated the ordinance as for those postdating it. It is significant that the regulatory provisions of the ordinance require the installation and maintenance of only the most basic sanitary facilities and conditions generally considered indispensable for the protection of health and that the burden of complying with these requirements is no greater for an existing trailer camp than for a new one. We are, therefore, of the opinion that the classification permitted by Sections 13 and 19 is based upon other than reason and that it violates the equal protection clause of the Federal Constitution.

By way of summary, it has been shown that Section 1 (in part) and Sections 2, 3, 23, and 24 of the ordinance in question are invalid as an *ultra vires* attempt by the defendant board to regulate by licensing; that Section 2

constitutes an unlawful imposition of a tax or license fee for revenue purposes; and that Section 13 (in part) and Section 19 are violative of the equal protection clause of the Federal Constitution. The question remains as to whether as the result of these sections being invalid the ordinance must fall in its entirety. Again a careful examination of the ordinance is required. Sections 4 to 18 inclusive (excepting that portion of Section 13 previously adverted to) comprise the sum total of the regulatory provisions of the ordinance. They quite obviously are not merely conditions precedent to the granting of a license, but constitute continuing requirements reasonably necessary for the healthful operation and maintenance of trailer camps. Sections 20, 21 and 22 provide for the enforcement of the regulatory provisions of the ordinance by the imposition of penal sanctions for their violation. Section 26 declares the purposes of the ordinance to be the safeguarding of the health of the inhabitants of the township, Section 27 repeals all inconsistent ordinances and Section 28, the final section, provides for its effective date. Section 25, the only one not already discussed, provides as follows:

"If any section, subsection, sentence, clause, or phrase of this ordinance is for any reason held to be unconstitutional, such decision shall not affect the validity of the remaining portions of this ordinance. It is the intention of the Board of Health that this ordinance would have been adopted irrespective of the fact that any one or more section, sub-section, sentence, clause, or phrase be declared unconstitutional insofar as the remainder of the ordinance is concerned."

Considering the intention of the board of health as expressed in this section and in view of the fact that the ordinance, stripped of those provisions which are invalid, remains a comprehensive and cohesive regulatory ordinance with appropriate sanctions for its enforcement we are of the opinion that the entire ordinance need not fall.

In view of the foregoing it naturally follows: (1) that the plaintiffs' request that the defendant issue them a license be denied; (2) that the resolution of the board denying the

plaintiffs' application is void and of no effect; and (3) that Sections 1 (insofar as it pertains to the securing of a permit), 2, 3, 13 (insofar as it permits the board to relax the requirements of the section for existing trailer camps), 19, 23 and 24 are invalid, but that all of the remaining sections of the ordinance are valid and subsisting and to be given full force and effect.

The judgment appealed from will be modified to conform to the conclusions expressed herein.

*For modification*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*Opposed*—None.