**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4595-17T2

SWAN LAKE SPA LLC,

     Plaintiff-Respondent,

v.

TOWNSHIP OF MONTVILLE,
MONTVILLE BOARD OF HEALTH
and AIMEE PULUSO, a Township
Health Department official,

     Defendants-Appellants.

_____

          Argued May 22, 2019 – Decided July 31, 2019

          Before Judges Accurso, Vernoia and Moynihan.

          On appeal from the Superior Court of New Jersey,
          Law Division, Morris County, Docket No. L-0506-18.

          David C. Pennella argued the cause for appellant.

          Matthew Joonho Jeon argued the cause for respondent
          (Matthew Jeon, PC, attorneys; Solomon A. Rubin and
          Matthew Joonho Jeon, on the brief).

PER CURIAM

After hearing testimony from defendant Aimee Puluso, an official with defendant Township of Montville Board of Health (Board), (collectively defendants), the Board voted to revoke the permit to operate a massage facility it had granted to plaintiff Swan Lake Spa, LLC (Swan), pursuant to an ordinance adopted by the Board: Montville Twp., N.J., Code § 421-2 to -3. The Board did not memorialize its findings or conclusions. Swan filed a complaint in lieu of prerogative writs and an order to show cause in the Law Division. The trial court ordered the temporary restraint of the enforcement of any permit requirements "and/or unlawful interfer[ence] with" Swan's operation of its massage business and thereafter considered the parties' briefs and oral arguments. Although Swan did not order or produce a transcript of the proceedings before the Board in compliance with Rule 4:69-4, defendants submitted a "chronology of inspections and violations" to the court.

The trial court acknowledged that without a transcript, and because "the Board did not really issue . . . written or oral findings or conclusions[,]" the court was "really forced to guess why the Board revoked [Swan's] license." Nonetheless, the court found there was no basis "under the ordinance itself" to revoke Swan's permit because the violations for which Swan was cited "appear to have been remedied by the time the [Board] hearing was scheduled." Those

violations, "[t]herefore[,] . . . could not have been used as a reason to permanently revoke the permit."

The trial court also held "the Board abused its discretion and acted arbitrarily by its own ordinance by failing to provide a basis for its decision, thus, precluding [the trial court] from any meaningful review of [the Board's] decision and preventing [Swan] from mounting a substantive challenge of the decision." The trial court concluded "the Board acted arbitrarily and capriciously and abused its discretion when revoking [Swan's] license. Thus, the Board's decision [was] overturned."

The court's order provided the Board's revocation of Swan's permit was void ab initio.[1] The court denied defendants' motion to reconsider which argued the court should not have made a decision without a transcript and should have remanded the matter to the Board to provide a resolution supporting the permit revocation.

---

[1] Plaintiff argues the trial court's order was not a final judgment because it ruled on Swan's order to show cause, "which only sought interim restraints." We determine this argument is without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E). The court's order disposed of all claims and was thus a final judgment. Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 549-50 (App. Div. 2007).

A-4595-17T2

Defendants appeal, arguing: the trial court erred by proceeding without the benefit of a transcript of the Board hearing which Swan was required to produce; the Board was not required to provide a resolution including findings of fact and conclusions and, if required, the trial court erred by not remanding the case to the Board; the record contained substantial evidence supporting the Board's decision and the trial court did not review same under the proper standard; permanent revocation of Swan's permit was not precluded by the abatement of violations; and the trial court abused its discretion by denying defendants' motion for reconsideration. Among Swan's responding arguments is one with which we agree: defendants lacked legal authority to impose a licensing requirement upon massage businesses. Contrary to defendants' contention that that argument is not cognizable because Swan did not file a cross-appeal, we review orders, not decisions, Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) ("[I]t is well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion."), and based on the settled law, we affirm.

The Legislature recognized the sovereign's inherent power to preserve public health is reposed in local boards of health which have been accorded

4

legislative authority to "enact . . . health ordinances, and make and alter necessary rules and regulations in the execution of any power delegated to it or in the performance of any duty imposed upon it by law." N.J.S.A. 26:3-64; see Bd. of Health of Scotch Plains v. Pinto, 57 N.J. 212, 214 (1970); Bd. of Health of Weehawken v. N.Y. Cent. R.R. Co., 4 N.J. 293, 298-99 (1950). Likewise, although the "State Sanitary Code may cover any subject affecting public health, or the preservation and improvement [thereof] and the prevention of disease in the State," N.J.S.A. 26:1A-7, the Legislature did not "limit the right of any local board of health to adopt such ordinances, rules and regulations, as, in its opinion, may be necessary for the particular locality under its jurisdiction" as long as any enactments did not conflict with State laws, "except, however, that such ordinances, rules and regulations may be more restrictive than the provisions of the State Sanitary Code," N.J.S.A. 26:1A-9.

N.J.S.A. 26:3-31 enumerates the specific powers conferred upon local boards of health "to pass, alter or amend ordinances and make rules and regulations in regard to the public health within its jurisdiction." But "[t]he inherent general authority to conserve and protect the public health thereby conferred and recognized is not curtailed by the specific enumeration of [N.J.S.A.] 26:3-31." Weehawken, 4 N.J. at 299. Thus, the Board could exert

authority as part of its general police power to enact regulations governing massage parlors like Swan. See id. at 300.

Chapter 421 not only requires any "person, firm or corporation" to obtain a permit before operating "a massage, bodywork or somatic therapy establishment," Montville Twp., N.J., Code § 421-2(a), it also provides for building and operational requirements, Montville Twp., N.J., Code § 421-4; Montville Twp., N.J., Code § 421-7; Montville Twp., N.J., Code § 421-8, and inspections, Montville Twp., N.J., Code § 421-4; Montville Twp., N.J., Code § 421-6, and lists prohibited acts, Montville Twp., N.J., Code § 421-9. Other provisions govern the suspension and revocation of permits, Montville Twp., N.J., Code § 421-10; enforcement, Montville Twp., N.J., Code § 421-12; and fines and penalties, including jail terms, for violations, Montville Twp., N.J., Code § 421-13. The provisions regulating establishments like Swan, however, must be distinguished from the permit provisions.

In Zullo v. Board of Health of Woodbridge, 9 N.J. 431, 435-36 (1952), our Supreme Court echoed its holding in Weehawken that N.J.S.A. 26:3-31 is not a limitation upon the general powers of local boards of health in public health matters, but the Court distinguished that "[t]he power to license and to levy fees therefor is not inherent in local agencies exercising by delegation a

portion of the State's police power and in the absence of statutory grant does not exist in a municipal corporation or its local board of health," id. at 437. The Court perpended the licensing powers set forth in N.J.S.A. 26:3-31 and discerned there was no grant that permitted local boards of health to license trailer camps. Ibid. As such, those sections of Woodbridge's ordinance relating to licensing of trailer camps, ibid., were "invalid as an ultra vires attempt by the . . . board to regulate by licensing," id. at 440.

Similarly, no provision of N.J.S.A. 26:3-31 expressly empowers local boards of health to issue licenses or permits to massage parlors. The statute allows local boards to: prohibit the cutting, sale or delivery of ice without a board-issued permit, N.J.S.A. 26:3-31(b)(1); license and regulate the sanitary conditions of hotels and eateries, N.J.S.A. 26:3-31(c); prohibit the construction or maintenance of privies and similar facilities until the board issues a license therefor, N.J.S.A. 26:3-31(g)(1); license the business of cleaning cesspools and privies, N.J.S.A. 26:3-31(i)(1), and to revoke such license for violations by a licensee or his or her employee, N.J.S.A. 26:3-31(i)(4); and license the keeping of boarding houses for infants and children, N.J.S.A. 26:3-31(l). As the Court determined after reviewing the powers set forth in the statute at the time, "These specific grants of licensing power and the absence of a specific power to license

[other enterprises] indicate to us that when the Legislature meant to authorize a local board to license a business or employment, it said so in express language." Pinto, 57 N.J. at 215. Absent such a legislative grant, "it seems clear that the Legislature intended to deny [local boards] that power." Ibid.

In that the Board did not have the power to require massage parlors to obtain permits to operate, the applicable sections of Chapter 421 are invalid and the Board's ultra vires revocation of Swan's permit is void. Zullo, 9 N.J. at 437, 441-42. The Board "was restricted to the regulation of" massage parlors through standards set forth in Chapter 421. Pinto, 57 N.J. at 216. We are unpersuaded by defendants' argument that Swan was issued a permit, not a license, thereby distinguishing the Board's enactment from those struck by the Court. As evidenced by the Legislature's and the Court's use of "permit" and "license" interchangeably, see N.J.S.A. 26:3-31; N.J.S.A. 26:3-32; Zullo, 9 N.J. at 441-42, by either name, it is an authorization to operate a specific business – here, a massage parlor – which the Board had no authority to require or issue.

The validity of Chapter 421's regulatory provisions is not before us. This appeal involves only the permit provisions and we were not called upon to determine if those regulatory provisions are severable and still viable. See Zullo, 9 N.J. at 441-42. And because we have determined that the Board was

without authority to require permits, we need not reach Swan's constitutional challenges to the ordinances. United States v. Scurry, 193 N.J. 492, 500 n.4 (2008) ("[W]e do not address constitutional questions when a narrower, non-constitutional result is available."); see also BBB Value Servs. v. Treasurer, State of N.J., 451 N.J. Super. 483, 497-98 (App. Div. 2017).

We conclude by addressing defendants' argument that a resolution was not required. Although we did not have to analyze the Board's findings of fact and conclusions in determining its actions were ultra vires, the Board is not exempt from the responsibility incumbent on every public body called upon to render decisions. See Zullo, 9 N.J. at 441-42 (noting the board of health acted by resolution in denying the application for a license). Whether or not expressly required by statute, "[t]he requirement of findings is far from a technicality and is a matter of substance. It . . . is a fundamental of fair play that an administrative judgment express a reasoned conclusion. A conclusion requires evidence to support it and findings of appropriate definiteness to express it." N.J. Bell Tel. Co. v. Commc'n Workers of Am., 5 N.J. 354, 375 (1950) (citation omitted). Any governmental body "must set forth basic findings of fact, supported by the evidence and supporting" its determination "for the salutary purpose of informing the interested parties and any reviewing tribunal of the basis on which

the final decision was reached so that it may be readily determined whether the result is sufficiently and soundly grounded or derives from arbitrary, capricious or extra-legal considerations." In re Issuance of a Permit by Dep't of Envtl. Prot. to Ciba-Geigy Corp., 120 N.J. 164, 172 (1990) (quoting In re Application of Howard Sav. Inst., 32 N.J. 29, 52 (1960)).

We cannot exercise deference unless we have "confidence that there has been a careful consideration of the facts in issue and appropriate findings addressing the critical issues in dispute." Bailey v. Bd. of Review, 339 N.J. Super. 29, 33 (App. Div. 2001). The Board was not exempt from what is required of any decisional body, including the courts: it must set forth its findings of fact and conclusions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4595-17T2