NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

| | |
|---|---|
| KISHAN CORP. t/a DUNKIN DONUTS, | TAX COURT OF NEW JERSEY |
| Plaintiff, | DOCKET NO. 014341-2014 |
| v. | |
| DIRECTOR, DIVISION OF TAXATION, | Approved for Publication In the New Jersey Tax Court Reports |
| Defendant. | |

Decided: June 16, 2026

John A. Calzaretto, for Plaintiff (Calzaretto & Bernstein, LLC).

Ramanjit K. Chawla and Miles Eckardt, Deputy Attorneys General, for Defendant
(Jennifer Davenport, Attorney General of New Jersey).

BEDRIN MURRAY, J.T.C.

I.     Introduction

This constitutes the court's opinion on the parties' motions in this matter.

Plaintiff, Kishan Corp. t/a Dunkin Donuts, moves for an order declaring portions

of N.J.S.A. 54:32B-3(c)(3)(ii) and N.J.A.C. 18:24-12.2A unlawful.  The court will

treat plaintiff's motion as a motion for partial summary judgment under R. 4:46-2,

as plaintiff contends that there are genuine issues of material fact to be determined apart from the legal issues raised in this motion. Defendant, Director, Division of Taxation ("defendant" or "the Director") cross-moves for summary judgment dismissing plaintiff's complaint with prejudice. The underlying complaint challenges the Director's June 4, 2014 Final Determination upholding defendant's assessment of additional sales and use tax ("SUT") and litter tax in the amount of $571,296.16.[1]

For the reasons set forth below, the court rejects plaintiff's challenge to the validity of N.J.S.A. 54:32B-3(c)(3)(ii),[2] which is the statutory basis for the imposition of the additional SUT. However, the court concludes that the formula in the accompanying regulation, N.J.A.C. 18:24-12.2A, extends beyond the bounds of the statute it is intended to supplement. Thus, the court grants plaintiff partial summary judgment as to the regulation and declares N.J.A.C. 18:24-12.2A invalid. Given that the Director's SUT determination was largely premised on the regulatory formula, the court also concludes that defendant's motion for summary judgment is not ripe.

    II.    <u>Findings of Fact</u>

---

[1] Plaintiff's motion pertains only to the assessment of SUT.

[2] This statute is a part of the SUT Act, N.J.S.A. 54:32B-1 to 54:32B-29.

Plaintiff, a New Jersey corporation, is a Dunkin Donuts franchise in Lawnside, New Jersey. Plaintiff offers a mix of products, including donuts, bagels, coffee, lattes, juices, bottled water, breakfast sandwiches, and thermos items. The products are sold in-store and at the attached drive-through window.

The Director conducted an audit for SUT on plaintiff's sale of prepared food for the tax period October 1, 2005 through September 30, 2009.[3] On March 15, 2013, the auditor issued a Notice of Assessment Related to Final Audit Determination assessing plaintiff additional SUT and Litter Tax. The auditor determined that plaintiff had underreported its taxable sales of prepared food. Ericca Greene, defendant's conferee, certifies that the definition of prepared food used by the auditor is provided in the Streamlined Sales and Use Tax Agreement ("SSUTA"). The SSUTA, discussed below, is a multi-state project that provides uniformity and efficiency in the administration of SUT among its member states. New Jersey became a member state of the SSUTA in 2005, at which time the Legislature conformed the existing SUT Act to comply with the requirements of the SSUTA.

The SSUTA defines, in part, prepared food as food sold with eating utensils. In order to determine if food is sold with eating utensils, the SSUTA and in turn,

---

[3] The Director also audited plaintiff's Litter Tax returns for tax periods January 1, 2002 through December 31, 2008, resulting in a finding of a Litter Tax deficiency of $4,312.30.

3

N.J.A.C. 18:24-12.2A, discussed below, employs a 75% threshold test. In short, the auditor determined that plaintiff's sales surpassed the 75% threshold set forth in the regulation and made utensils available to customers at a kiosk. By the terms of the regulation, this results in all plaintiff's food sales being designated as taxable. To a large extent, this resulted in plaintiff's SUT being deemed deficient for the audit years.

Plaintiff filed an administrative appeal and requested a hearing with defendant's Conference and Appeals Branch ("CAB"). CAB reviewed the protest and conducted a hearing with plaintiff's representative. The Director subsequently issued a Final Determination upholding the SUT assessment. Plaintiff filed an appeal with the Tax Court on September 2, 2014.

III. Relevant Law

A. N.J.S.A. 54:32B-3

N.J.S.A. 54:32B-3 pertains, in part, to the taxable status of prepared food. It imposes a tax upon "receipts from the sale of prepared food in or by restaurants, taverns, or other establishments in this state . . . ." 54:32B-3(c)(1). The statute defines "prepared food" as follows:

> "Prepared food" means:
> (i)
> A. food sold in a heated state or heated by the seller; or
> B. two or more food ingredients mixed or combined by the
> seller for sale as a single item . . . ; or

4

C. <u>food sold with eating utensils provided by the seller</u>, including plates, knives, forks, spoons, glasses, cups, napkins, or straws. A plate does not include a container or packaging used to transport the food.

provided however, that

(ii) "prepared food" does not include the following <u>sold without eating utensils</u>:

A. food sold by a seller whose proper primary NAICS[4] classification is manufacturing in section 311, except subsector 3118 (bakeries);
B. food sold in an unheated state by weight or volume as a single item; or
C. bakery items, including bread, rolls, buns, biscuits, bagels, croissants, pastries, donuts, danish, cakes, tortes, pies, tarts, muffins, bars, cookies, and tortillas.

[N.J.S.A. 54:32B-3(c)(3) (emphasis added).]

At issue are the provisions pertaining to the sale of food with eating utensils, namely, subsections (c)(3)(i)(C) and (c)(3)(ii) above. The use of the phrase "prepared food" and its definition were adopted by the Legislature as amendments to the SUT Act by <u>L.</u> 2005, <u>c.</u> 126, effective October 1, 2005.[5]

---

[4] NAICS stands for the North American Industry Classification System. NAICS is the standard used by Federal agencies to classify business establishments for statistical purposes. Section 311 provides a definition for whether a business engages in food manufacturing.

[5] Prior to the effective date of the amendment, the SUT Act imposed tax upon "receipts from the sale of food or drink" when "the sale is for consumption on the premises where sold" or sold off-premises when the sale "consists of a meal, or food prepared and ready to be eaten, of a kind obtainable in restaurants as the main

5

B.    N.J.A.C. 18:24-12.2A

N.J.AC. 18:24-12.2A is a regulatory companion to N.J.S.A. 54:32B-3(c).  It became effective on December 1, 2008.  The regulation provides, in relevant part:

> 1.  Whether eating utensils are deemed to be provided by the seller depends on whether the seller's annual sales of certain types of prepared food make up more than 75 percent of its total sales of food and food ingredients (excluding alcoholic beverages). The 75 percent threshold is calculated as follows:
>    i.  First, calculate the percentage of food provided by the seller as follows:
>       (1) . . .
>       (2) . . .
>    ii.  Second, calculate the annual percentage of utensil usage as follows:
>       (1) . . .
>       (2) . . .
>       (3) . . .
> 2.  Application of the 75 percent threshold test follows:
>    i.  For sellers with a sales percentage of 75 percent or less, utensils are considered to be provided by the seller if the seller's practice for the item (as represented by the seller) is to physically give or hand the utensil to the purchaser, except that plates, bowls, glasses, or cups necessary for the purchaser to receive the food (for example, fountain beverages, dispensed milk, or salad bar) need only be made available.
>    ii.  For sellers with a sales percentage greater than 75 percent, utensils are considered to be provided by the seller if they are merely made available to purchasers. Thus, utensils at a kiosk or common area are treated as utensils provided by the seller.

___

course of a meal, including a sandwich . . . ."  N.J.S.A. 54:32B-3(c)(1-3) (prior to L. 2005 c. 126).

6

(1) For sellers who sell items that contain four or more servings packaged as one item and sold for a single price, an item does not become prepared food based on the seller having utensils available. However, if the seller physically gives or hands a utensil to the purchaser, or plates, bowls, glasses, or cups are necessary for the purchaser to receive the food, then the item is considered prepared food.

[N.J.A.C. 18:24-12.2A(b).][6]

The regulation defines the statutory phrase "sold with eating utensils provided by the seller" found in N.J.S.A. 54:32B-3(c)(3)(i)(C). The sole issue in this matter is whether the regulation extends beyond the bounds of the statute and is therefore ultra vires.

IV.    Conclusions of Law

A.    Standard of Review for an Administrative Rule

The standard of review for an administrative rule is whether that rule is arbitrary, capricious, unreasonable, or beyond the agency's delegated powers.

---

[6] The retroactivity of the regulation poses a potential issue. N.J.A.C. 18:24-12.2A was not effective until December 1, 2008. The audit period, however, was for tax years 2005 through 2009. Additionally, the two dates used as samples for the audit, February 2, 2008 and October 1, 2008, were both before the December 1, 2008 effective date of the regulation. It is unclear if the auditor recognized this distinction and applied the 75% threshold test to the entire 2005-2009 period or solely to the period after December 1, 2008. In addition, regulations are generally considered interpretations, and as such, do not extend taxing power beyond the statute. The agency's interpretation can be applied retroactively back to the date of the statute's enactment, so long as it does not effect a change in tax policy or obligation. The crucial question is whether "the statute . . . itself expose[s plaintiff] to taxation." Praxair Technology, Inc., v. Dir., Div. of Taxation, 201 N.J. 126, 137 (2009).

7

Bergen Pines County Hospital v. New Jersey Dep't of Human Servs., 96 N.J. 456, 477 (1984). Our Court has recognized that the "basic purpose of establishing agencies to consider and promulgate rules is to delegate the primary authority of implementing policy in a specialized area to governmental bodies with the staff, resources, and expertise to understand and solve those specialized problems." Id. at 474. Accordingly, regulations enjoy a rebuttable presumption of validity. A regulation by the Director interpreting a statute will prevail "as long as it is not plainly unreasonable." Metromedia, Inc. v. Dir., Div. of Taxation, 97 N.J. 313, 327 (1984).

Regulations promulgated by an agency "must be within the fair contemplation of the delegation of the enabling statute." New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 561 (1978) (citing So. Jersey Airways v. Nat. Bk. of Secaucus, 108 N.J. Super. 369, 383 (App. Div. 1970)). "An administrative agency may not under the guise of interpretation, extend a statute to give it a greater effect than its language permits." GE Solid State v. Dir., Div. of Taxation, 132 N.J. 298, 306 (1993) (citing Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 528 (1964)). If a regulation "attempts to add to the statute something which is not there, it can furnish no sustenance to the statute." Service Armament Co. v. Hyland, 70 N.J. 550, 563 (1976).

Additionally, a regulation will fail if it is inconsistent with the statute it purports to interpret. Smith v. Dir., Div. of Taxation, 108 N.J. 19, 26 (1987) (affirming Judge Crabtree's opinion in Smith v. Dir., Div. of Taxation, 7 N.J. Tax 187 (1984)). "Clearly, an administrative interpretation which is inconsistent with the language of the enactment can be of little aid in determining its meaning." Kingsley, 41 N.J. at 528.

When determining whether a regulation is within the fair contemplation of the enabling statute, "the reviewing court may look beyond the specific terms of the enabling act to the statutory policy sought to be achieved." New Jersey Guild of Hearing Aid Dispensers, 75 N.J. at 562. However, courts must "look first to the plain language of the statute, seeking further guidance only to the extent that the Legislature's intent cannot be derived from the words that it has chosen." Pizzullo v. N.J. Mfrs. Ins. Co., 196 N.J. 251, 264 (2008). Courts must construe and apply the statute as enacted, but "are not at liberty to presume the legislature intended something other than what it expressed by its plain language." In Re Jamesburg High School Closing, 83 N.J. 540, 548 (1980).

In the instant matter, the plain language of N.J.S.A. 54:32B-3(c)(3) makes no mention of a 75% threshold test. Indeed, the statute makes no distinction between sellers based on gross sales. Such a distinction does not appear in the legislative history of the 2005 amendments or later amendments to the SUT Act.

9

In fact, it would be impossible to infer from the statute that the Legislature intended there to be a threshold percentage that would make all food sales taxable.

Defendant argues that the 75% threshold test "clarifies" when food is deemed sold with utensils, but does not explain how such a test demystifies implementation. Rather, the regulation complicates enforcement by calling for additional classifications and calculations when there is no indication from the statutory language that calculations are necessary. The statute could be properly effectuated on its own.

The regulation thus "attempts to add to the statute something which is not there." Service Armament Co., 70 N.J. at 563.

Furthermore, N.J.A.C. 18:24-12.2A is inconsistent with N.J.S.A. 54:32B-3(c)(3)(ii). The threshold test established by the regulation and the plain language adopted by the New Jersey Legislature occasionally result in different outcomes. For example, a cookie sold to a customer who was not handed eating utensils, including a plate or napkins, would not be taxable under the statute, but might be taxable under the regulation.[7] The statute explicitly carves out bakery items from

---

[7] Plaintiff offers a similar analogy but uses a donut box as its example. The court finds merit with plaintiff's reasoning. However, a donut box would also not be taxable under the regulation as there is different treatment for "four or more servings packaged as one item and sold for a single price" and would only taxable if the seller physically gives a utensil to the purchaser or a utensil would be necessary to receive the food. N.J.A.C. 18:24-12.2A(b)(2)(ii)(1).

10

the definition of prepared food if "sold without eating utensils" and lists cookies as an example. N.J.S.A. 54:32B-3(c)(3)(ii)(C). Under the regulation, however, if it were sold by a business with prepared food sales of more than 75% and the business had a kiosk with utensils, the cookie would be taxable, regardless of the statutory carve-out. Such a nullification of statutory language cannot be tolerated.

The regulation's 75% threshold test also overrides the statutory definition. Under the regulation, it does not matter whether the food fits into one of the three statutory categories in subsection (c)(3)(i). The regulation imposes tax based on the percentage of prepared food sales, instead of imposing tax based on the three categories in the statute. This is in stark contrast to the statute, which clearly designates the item's characteristics, not the seller's gross sales, as the core consideration for whether a food sale is subject to SUT. The regulation therefore contradicts the statutory approach and, in essence, creates a new tax.

Defendant asserts that the rule is nevertheless consistent with the underlying legislative purpose of the 2005 SUT amendments, which is to bring New Jersey into compliance with the SSUTA.[8]

---

[8] The Director also proffered this explanation in the rule proposal for N.J.A.C. 18:24-12.2A:

> Under the terms of the SSUTA, a member state is required to adopt statutory and regulatory provisions and policies that conform to the definitions and other provisions of the SSUTA. A member state is also required to follow all

11

The SSUTA is a multistate agreement intended to "simplify and modernize sales and use tax administration in the member states in order to substantially reduce the burden of tax compliance." SSUTA Art. I, Sec. 102 (Streamlined Sales Tax Governing Bd., amended Dec. 19, 2025). New Jersey is a member of the twenty-four state[9] SSUTA and is currently in full compliance with the terms of the agreement. It is important to note that the SSUTA awards full membership only to states it deems in compliance, but each state remains an "individual cooperating sovereign" as to its own sales and use tax act. SSUTA Art. VIII, Sec. 801.1; Art. XI, Sec. 1101. Accordingly, states must take independent legislative or administrative action to adopt SSUTA provisions as law. Art. XI, Sec. 1102.

In 2001, the New Jersey Legislature authorized the State Treasurer to enter into the SSUTA and to "take other actions reasonably required to implement the

> rules, procedures, and interpretations issued by the Streamlined Sales Tax Governing Board, all of which are considered to be incorporated into the SSUTA. . . . Any increase in the complexity of the rules is a result of the need to conform the rules to the SSUTA, including the interpretations approved by its governing board. In addition, many definitions implementing the changes enacted by P.L. 2005, c. 126, are taken verbatim from the SSUTA, as required by the SSUTA.
>
> [40 N.J.R. 1777(a) (Apr. 7, 2008).]

[9] The SSUTA currently has twenty-three Full Member States and one Associate Member State.

provisions" including "the adoption of rules and regulations." N.J.S.A. 54:32B-48. The 2001 authorization specified that "[i]mplementation of any condition of this Agreement in this State, whether adopted before, at, or after membership of this State in the Agreement, shall be by the action of this State." N.J.S.A. 54:32B-49.

In 2005, New Jersey amended its SUT Act to conform with the SSUTA's definitions. L. 2005, c. 126.[10] The statutory definition of "prepared food" found in N.J.S.A. 54:32B-3(c) is one of the SSUTA definitions adopted by New Jersey nearly verbatim in 2005.

On April 18, 2006, the SSUTA issued an interpretive opinion defining the phrase "food sold with eating utensils provided by the seller." SSUTA Interpretation Opinion 2006-04 (found within SSUTA Appendix D). This opinion established the 75% threshold test as part of the SSUTA. Although initially established via interpretive ruling, the 75% threshold test was made part of the agreement's main Library of Definitions in 2022.[11] SSUTA Appendix C, Part II;

---

[10] By bringing its SUT Act into conformity, New Jersey became a Full Member of the SSUTA. New Jersey has remained a full member since 2005.

[11] SSUTA, 2022 Report of Amendments to the Streamlined Sales and Use Tax Agreement (SSUTA) and Streamlined State Tax Governing Board (SSTGB) Rules and Interpretive Opinions Through June 30, 2022, Sec. I(A); AM 21006 (Amendment proposed by Michigan to Amend Appendix C, Part II).

13

2022 Report of Amendments to the Streamlined Sales and Use Tax Agreement (SSUTA) and Streamlined State Tax Governing Board (SSTGB), AM 21006 (amendment proposed by Michigan).

At the time the interpretive ruling was rendered in 2006, "concern was expressed by some Committee members that the language in the proposal goes beyond an interpretation of the existing language in the definition and, in some states, would require legislative changes." Ibid.

Of the twenty-four member states, eleven states[12] adopted the 75% threshold test by way of administrative rule. Two states, North Dakota and Wisconsin, adopted the test by codifying it into state law. N.D. Cent. Code 57-39.2-04.1 (L. 2007, c.528); Wis. Stat. 77.51(10m)(c) (P.L. 2009, a.2 ss. 225). Three of the eleven states that originally adopted the test by regulation, North Carolina,[13]

---

[12] These states are Arkansas, Indiana, Michigan, Minnesota, New Jersey, Oklahoma, Rhode Island, South Dakota, Washington, and Wyoming. Eleven states did not adopt the 75% threshold test at all because they either impose tax on all sales of food and food ingredients, regardless of its prepared status, or exempt all food sales from tax. These states are Georgia, Iowa, Kansas, Kentucky, Nebraska, Nevada, Ohio, Utah, Vermont, West Virginia, and Tennessee.

[13] N.C. Gen. Stat. 105-164.4L. North Carolina passed an amendment codifying the regulation in 2023, following the SSUTA's 2022 amendments adding the 75% threshold test into the textual agreement.

Washington,[14] and Michigan,[15] later codified the 75% test into law. New Jersey adopted the test by administrative rule in 2008. To date, the New Jersey Legislature has not proposed a bill to codify the test within New Jersey's SUT Act.

New Jersey is not the only SSUTA member state to see a legal challenge to a regulation adopting the 75% threshold test. In Emagine Entertainment, Inc. v. Dep't of Treasury, 965 N.W.2d 720 (Mich. Ct. App. 2020), the plaintiff challenged the 75% threshold test, which had been implemented by way of administrative rule. The statutory scheme and regulation at issue in that case were essentially the same as New Jersey's in text and substance. The Michigan Court of Appeals invalidated the regulation for having an insufficient basis in statutory authority. That court held:

> The statute does not define or explain the phrase "provided by the seller." Rather than provide a simple definition, respondent promulgated a rule that goes beyond the statutory language and establishes a 75% test whereby the

---

[14] RCW 82.08.0293(2)(c)(ii). Washington amended its statute in 2019 to include the 75% threshold test. Washington's regulation instituting the 75% test had previously been challenged before the Appeals Division of the Washington Department of Revenue, but the agency upheld the regulation's validity under the statute. Nevertheless, the Washington Legislature chose to codify the test by statute.

[15] MCL 205.54g(3)(i). Michigan amended this statute in 2023 to include the 75% threshold test after the Michigan Court of Appeals invalidated the regulation ("Rule 86(5)") for going beyond merely defining statutory terms and swallowing the remainder of the statute's definition for prepared food. This case is further discussed below.

definition of "provided by the seller" changes depending on the taxpayer's percentage of sales. This 75% test, and the distinction it draws, is not found in the statute, either explicitly or by implication.

[Id. at 725.]

The Michigan Court of Appeals rejected the argument that the Department of Treasury had the authority to issue regulations necessary to keep the state compliant with the changing provisions of the SSUTA. The court reasoned:

[R]espondent defeats its own argument by conceding that Michigan has not adopted the 75% test by statute and that respondent, accordingly, attempted to remedy this "defect" by writing a rule to alleviate what it considers to be a statutory gap. . . . In a nutshell, respondent did not have the authority to circumvent the legislative process and administratively amend MCL 205.54g(4)—regardless of whether or not it feels that Michigan is in compliance with the SSUTA.

[Id. at 728 (emphasis added).]

Accordingly, the court upheld the Michigan Tax Tribunal's conclusion that the administrative rule was invalid. Id. at 728. Michigan subsequently amended its General Sales Tax Act to add the 75% test to the statute imposing sales tax on prepared food. MCLS 205.54(g)(3); 2023 P.A. 142.

In the instant matter, defendant argues that the New Jersey Legislature's 2001 authorization and 2005 amendments to the SUT Act provide statutory authority to pass regulations to keep New Jersey compliant with the SSUTA. It

16

follows, therefore, that this authority permits defendant to administratively adopt the 75% threshold test.

The court concludes that the Legislature did not contemplate a 75% threshold test as provided in the regulation. It is noted that the formula was not included in the SSUTA at the time New Jersey became a member state. Moreover, as discussed above, the statutory definition of "prepared food" does not permit an interpretation that results in all food sales to be taxed as prepared when a certain threshold is crossed.

The court also rejects defendant's argument that it has been granted a blank check to administratively amend the SUT Act. While the Director is authorized to adopt rules consistent with the SSUTA, she is not authorized to "redraft the statute by administrative pronouncement." Smith, 7 N.J. Tax at 197.

Moreover, in Ward v. Scott, 11 N.J. 117, 123 (1952), our Court held that "[i]t is settled that the Legislature may not vest unbridled or arbitrary power in the administrative agency." In the present case, that unbridled power would essentially be vested in the Streamlined Sales Tax Governing Board, substituting its judgment for that of our Legislature. If the Legislature had wanted to delegate such authority, it would not have specified in the 2001 authorization that "[n]o provision of the Agreement authorized by this act in whole or in part shall invalidate or amend any provision of the law of this State." N.J.S.A. 54:32B-49. Nor would it have

17

specified that the streamlined SUT system is to be administered "under the duly adopted law of each member state." N.J.S.A. 54:32B-51.

Therefore, the court concludes that the 75% threshold test is not fairly contemplated by the authorizing statute. Accordingly, the court concludes N.J.A.C. 18:24-12.2A is ultra vires and invalid.

The court now turns to the constitutionality of the underlying statute.

B.     Constitutionality of N.J.S.A. 54:32B-3(c)(3)(ii)

Plaintiff contends that N.J.S.A. 54:32B-3(c)(3)(ii) is unconstitutional. Plaintiff's objection to the statute is that it arbitrarily discriminates against businesses whose prepared food sales make up more than 75% of total annual food sales.

It is a well-established principle of New Jersey constitutional jurisprudence that statutes are afforded every possible presumption of constitutionality. Secaucus, 133 N.J. at 492 (citing Holster v. Board of Trustees of Passaic County College, 59 N.J. 60, 66 (1971)). Any doubt must be resolved in favor of the statute. Ibid. A court should only void a statute if it is "clearly repugnant to the Constitution." Newark Superior Officers Assoc. v. Newark, 98 N.J. 212, 222 (1985).

Tax statutes are entitled to a presumption of constitutionality which "can be overcome only by the most explicit demonstration that a classification is a hostile

18

and oppressive discrimination against particular persons and classes." Madden v. Kentucky, 309 U.S. 83, 87-88 (1940). Provided that the tax classification is based on reasonable grounds, and is not arbitrary or capricious, courts will not override the official acts of the legislature. Zullo v. Board of Health, Woodbridge Tp., 9 N.J. 431, 440 (1952).

Here, it is the regulation that offends plaintiff, not the statute. Plaintiff's objection to the constitutionality of N.J.S.A. 54:32B-3(c)(3)(ii) is that the exact same item sold at two similar businesses would be classified and taxed differently solely based on their percentage of gross sales. In short, plaintiff objects to the 75% threshold test. However, the statute does not contain any of the language to which plaintiff objects. Accordingly, plaintiff has not met its burden of demonstrating that the statute is unconstitutional.

The court next addresses defendant's motion for summary judgment.

V.    Summary Judgment Standard

Applications for summary judgment are governed by R. 4:46-2, which provides, in pertinent part:

> The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.

[R. 4:46-2(c).]

19

In <u>Brill v. Guardian Life Ins. Co. of America</u>, 142 N.J. 520 (1995), our Court articulated the standard for summary review by holding that:

> [T]he determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
>
> [<u>Id.</u> at 523.]

The invalidity of the regulation creates an issue of material fact as to which food sales would be taxable without the application of the 75% threshold test. The record must be further developed as to the accuracy and propriety of defendant's audit calculations. Accordingly, the court concludes the matter is not yet ripe for summary judgment.

VI.     <u>Conclusion</u>

For the aforementioned reasons, the court grants plaintiff partial summary judgment invalidating N.J.A.C. 18:24-12.2A and denies plaintiff the remaining relief requested. Defendant's cross-motion for summary judgment is denied.

An Order accompanies this Opinion.